```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-21639-Civ-HUCK
                              MAGISTRATE JUDGE P.A. WHITE

ELIAS JIMENEZ,                  :

     Petitioner,                :
                                            REPORT OF
v.                              :        MAGISTRATE JUDGE

SHERIFF OF MIAMI-DADE COUNTY,   :
et al.,
                                :
     Respondent.
_____/
```

Elias Jimenez, confined as a state pretrial detainee at the TGK Detention Center in Miami, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241-43, challenging his confinement in the detention center as unlawful. Specifically, Jimenez claims that the appellate court violated his constitutional rights on appeal by denying his appeal prior to appointing counsel or permitting Jimenez to file a brief on appeal regarding the double jeopardy violation. Jimenez also claims he is being unlawfully detained because the court has permitted his continued prosecution in violation of his federal constitutional protections against double jeopardy.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition (DE#1), the Court has the response by the state to an order to show cause with multiple exhibits (DE#s11-12), and Jimenez' reply (DE#18).

Upon review of the petition for habeas corpus, as amended, by a person in state custody and pursuant to 28 U.S.C. §2243, it appears that petitioner is not entitled to relief in this habeas corpus proceeding.[1]

From the face of the petition, it is apparent that Petitioner has filed this petition before he has properly exhausted state court remedies.

The pertinent procedural history of this case, which has been gleaned from the petition, the respondent's exhibits, as well as, the electronic docket of the Miami-Dade County Circuit Court,[2] is as follows. Jimenez was charged in Miami-Dade County Circuit Court with various crimes, including the offenses of third degree grand theft of a vehicle, kidnaping with a firearm, aggravated battery with a deadly weapon, possession of a firearm/weapon/ammunition by

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, **unless it appears from the application that the applicant or person is not entitled thereto.**

See 28 U.S.C. §2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. **If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.**

RULES GOVERNING SECTION 2254 CASES, RULE 4 (emphasis added).

[2] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Miami-Dade County Circuit Court, http://www.miami-dadeclerk.com, viewed this date in State v. Jimenez, Case Nos. F06-4935-B, F06-4938-A. See Fed.R.Evid. 201.

a convicted felon or delinquent, falsely impersonating an officer while committing a felony causing injury, and armed false imprisonment. Jimenez entered pleas of not guilty to the crimes charged.

On December 15, 2008, Jimenez' trial began. (DE#12:49-50)[3]. At that time, a discussion was had on the record regarding Jimenez' alibi defense, as well as, whether certain information should be disclosed to the jury. (DE#12:50-56). The state then called its first witness, the victim, Wilfredo Velunza, who testified regarding how the events unfolded,[4] commencing on February 1st, 2006 at 11:00 p.m. (DE#12:57-105). After the jury was excused for lunch, a conference was had between the attorneys and the judge. (DE#12:105). At that time, Jimenez' attorney indicated that the demand for alibi, the police report, and an affidavit previously provided for a hearing, all revealed that the abduction took place on February 2nd, and therefore, he had investigated Jimenez' whereabouts on February 2nd, not February 1st. (DE#12:105-107). In fact, the Information also charged the events occurring on February 2nd. (DE#12:108). The prosecutor advised that it believed the Information could be amended to reflect the events unfolding on February 2nd through the 3rd. (DE#12:109-115).

---

[3]The appendix has been numbered by the respondent. The page references here correspond to the page numbers on the bottom center of the page.

[4]Apparently, Velunza went to a friend's house to pick up a car port. When he was returning to his vehicle, he was approached by Jimenez and others, who then pointed a gun at him, represented themselves as police officers, and instructed him not to move. Thereafter, they put him into the back of a vehicle until it came to a stop at a residence. At that time, he was taken up two flights of stairs and seated on a bed. At that point, he realized he had not been taken to a police station. Meanwhile, Jimenez and the others began beating and tasering Velunza, who could not scream because he was gagged. Jimenez and others demanded drugs and money purportedly in Jimenez' possession.

At that juncture, the court advised the defense that if it was seeking a mistrial, one would be granted. (DE#12:115). The court alternatively advised Jimenez that he could waive the objections and proceed with the current trial. (DE#12:115-16). Defense counsel then moved for a mistrial on the basis that the prosecution's discovery submission, containing the demand for alibi reflected that the abduction occurred on February 2nd at 11:00 p.m. (DE#12:117-19). The court next addressed Jimenez directly to confirm whether he was in agreement with seeking a mistrial. (<u>Id</u>.). Jimenez responded in the affirmative. (<u>Id</u>.). At that time, Jimenez was cautioned by the court that, because he was seeking the mistrial, double jeopardy would not attach, and the prosecution would be able to retry him at a later date. (<u>Id</u>.). Ultimately, a mistrial was granted and the case set over for a new trial. (DE#12:119-122).

Meanwhile, prior to being retried, Jimenez filed a motion to dismiss, asserting double jeopardy violations for numerous reasons. (DE#12:15-45). That motion was denied by the trial court without a hearing. (DE#12:46). Jimenez appealed the denial (DE#12:47-48), and on May 10, 2010, the Third District Court of Appeal entered an order denying the appeal without prejudice. (DE#12:125). Meanwhile, review of the state court criminal docket reveals that Jimenez is scheduled for retrial commencing March 14, 2011. He has been appointed counsel to represent him in the now pending criminal case, and discovery proceedings, including the issuance of subpoenas, are being conducted.

In the interim, Jimenez has now come to this court, filing the instant federal habeas corpus petition on May 15, 2010. (DE#1).

It is well established that a state pre-trial detainee may challenge his confinement as unconstitutional by petition for writ of habeas corpus relief pursuant to 28 U.S.C. §2241. <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5 Cir.), <u>cert</u>. <u>denied</u>, 484 U.S. 956 (1987)(holding that pretrial petitions are properly brought under 28 U.S.C. §2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him). <u>See also</u> <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1060 (11 Cir. 2003)(noting that though §2241 is the general habeas corpus statute, any relief solely thereunder is reserved for those instances in which the petitioner is not "in custody pursuant to the judgment of a State court," 28 U.S.C. §2254(a), such as where a pretrial detainee complains that his detention violates the Constitution or laws of the United States). While a habeas corpus petition under §2241 is the proper procedural vehicle in this case, the petitioner is not entitled to relief.

A federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 must state a claim that the petitioner is in custody in violation of the Constitution or laws of the United States. <u>See</u> 28 U.S.C. §2241(c)(3). Even assuming that Jimenez has properly raised a constitutional challenge to his confinement, entitling him to seek habeas corpus relief pursuant to §2241, it must now be determined whether Jimenez is entitled to raise his claim in a federal habeas proceeding at this time.

In order to be eligible for habeas relief, a petitioner must be "in custody" and must have exhausted his available state remedies. Since Jimenez was confined as a pretrial detainee when he filed the instant petition, and is currently confined, Jimenez is "in custody" for purposes of section 2241. Thus, the issue that

must next be resolved is whether Jimenez has exhausted his state remedies.

When discussing exhaustion in the habeas corpus context, the Court must distinguish between pre-trial and post-trial situations. It is only in the post-trial setting that exhaustion is mandated by statute. Compare 28 U.S.C. §2254(b) with 28 U.S.C. §2241(c). The terms of 28 U.S.C. §2254(b)(1) provide that an application for a writ of habeas corpus may not be granted unless a petitioner has exhausted his state court remedies by presenting his claim to the highest available state court for review. The terms of Section 2241(c)(3), which empower district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion.

Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although §2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. See Dickerson, 816 F.2d at 225. See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973)(exhaustion is necessary under §2241 as well as §2254); Thomas v. Crosby, 371 F.3d 782, 812 (11 Cir.2004)("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). The exhaustion doctrine of §2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to

limit federal interference in the state adjudicatory process. See Dickerson, 816 F.3d at 225; Braden, 410 U.S. at 490-91.

In Braden, the United States Supreme Court reiterated that absent "special circumstances," a pretrial detainee may not adjudicate the merits of an affirmative defense to a state criminal charge before a judgment of conviction has been entered by a state court. Braden, 410 U.S. at 489. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. Braden, 410 U.S. at 493. Courts distinguish between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." Brown, 530 F.3d at 1283.

As indicated, Braden does not authorize pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes. Braden, 410 U.S. at 493. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence are not yet final. See Younger v. Harris, 401 U.S. 37(1971)(holding that federal courts are required to abstain from interfering with pending state proceedings except under certain limited exceptions).[5]

---

[5] Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Younger v. Harris, 401 U.S. 37 (1971).

However, in Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. Younger, 401 U.S. at 45; Kugler v. Helfant, 421 U.S. 117, 123-25 (1975).

Moreover, this Court is loath to interfere in ongoing state criminal proceedings where the petitioner is presently represented by counsel, as is true in this case. Untried state charges may be challenged in extraordinary circumstances under 28 U.S.C. §2241, but only if one of the narrow exceptions to the Younger abstention doctrine is met. See Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-64 (11th Cir. 2004), cert. den'd, 543 U.S. 1051 (2005), discussing Younger (other citations omitted). No such showing has been made here.

Regardless, exhaustion of state remedies is still required. Hughes, 377 F.3d at 1262 (noting "petitioners have met the exhaustion requirements necessary to obtain relief pursuant to 28 U.S.C. §2241.")(footnote omitted); see also §2254(b). "[H]abeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489 (1973)(citation omitted); Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985)(federal habeas corpus could not be used "absent special and unique circumstances" to adjudicate the merits of speedy trial defense to pending state charges)(citing Braden, other citation omitted).

Here, it appears that Jimenez has failed to exhaust his state court remedies with regard to the claims presented. First, as is evident from the procedural history narrated above, Jimenez did not properly exhaust his claims in the state court. Pursuant to Fla.R.App.P. 9.140(b)(2010), a defendant may appeal, in pertinent part, a final judgment or order adjudicating guilt, or orders denying relief pursuant to Fla.R.Cr.P. 3.800(a), 3850, or 3.853. The denial of a motion to dismiss prior to trial is not a final appealable order. In fact, under Florida law, a petition for writ

of prohibition is the proper vehicle upon which to challenge a ruling that permits the prosecution of a defendant in violation of his federal and Florida constitutional protections against double jeopardy. See Webster v. State, 968 So.2d 125, 126 n.1 (Fla. 4th DCA 2007)(citing Jackson v. State, 855 So.2d 178, 179 (Fla. 4th DCA 2003).

In this case, Jimenez did not file a petition for writ of prohibition, but instead merely prosecuted an appeal from the denial of his motion. Under Fla.R.App.P. 9.040(c), where a defendant seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought, provided, however, that it shall not be the responsibility of the court to seek the proper remedy. Regardless, in this case, although the appellate court denied the appeal without prejudice, it does not appear that Jimenez will be precluded from raising the issue on appeal if he is convicted and sentenced in the future. See Topps v. State, 865 So.2d 1253, 1257 (Fla. 2004). Notwithstanding, rather than affording the state courts a fair opportunity to resolve his federal constitutional claims by seeking the appropriate relief at the state level, petitioner has resorted directly to this Court by filing a federal habeas proceeding.

This Court should abstain from now considering the claim out of deference to the state courts. Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." Braden, 410 U.S. at 493. Because this court lacks the authority under §2241 to review the constitutionality of petitioner's confinement prior to the exhaustion of petitioner's state court remedies, the petition should be dismissed as unexhausted.

Further, in the event of a conviction, if Jimenez federal constitutional rights have in any way been usurped, he may certainly pursue those constitutional challenges in this court by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, after the state proceedings are concluded and after exhaustion of all state remedies. However, at this point, there is no basis for federal intervention and Jimenez is not entitled to federal review pursuant §2241 as to any challenge to the Miami-Dade County court criminal proceedings currently pending.

Based upon the foregoing, it plainly appears from the face of this habeas petition that the petition should be dismissed because Jimenez has not properly exhausted his state court remedies. Alternatively, dismissal of this habeas petition is also warranted because Jimenez currently has a state judicial action pending, the pending action implicates important state interests, and the state action is capable of addressing the federal constitutional questions. Thus, the <u>Younger</u> abstention doctrine applies and the court should not interfere in the state's ongoing criminal proceedings by dismissing the charges against him. Under the circumstances, summary dismissal is appropriate pursuant to 28 U.S.C. §2243.[6]

---

[6]It should be noted, in the alternative, for the reasons succinctly expressed by the respondent, it does not appear that any double jeopardy violations has occurred regarding the retrial. Ordinarily, when "a defendant successfully seeks to avoid his trial prior to its conclusion by a motion for mistrial, the Double Jeopardy Clause is not offended by a second prosecution." <u>United States v. Scott</u>, 437 U.S. 82, 93 (1978) (emphasis omitted); <u>see also</u>, See <u>Vaccaro v. United States</u>, 360 F.2d 606, 608 (5th Cir. 1996)(<u>quoting</u> <u>Gori v. United States</u>, 367 U.S. 364 (1961). In fact, a defendant who procures a mistrial may be tried anew, even where an indictment has been found defective during the first trial. <u>United States v. Ball</u>, 163 U.S. 662 (1896); <u>United States v. Tateo</u>, 377 U.S. 463 (1964). "Such a motion by the defendant is deemed to be a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." <u>Id</u>.

If, however, a mistrial results from governmental conduct that "is intended to 'goad' the defendant into moving for a mistrial," the defendant may "raise the bar of double jeopardy to a second trial after having succeeded in aborting the

It is therefore recommended that this petition for writ of habeas corpus be summarily dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bars that may apply, and that the case be closed.[7]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 27th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Elias Jimenez, Pro Se
      Inmate No. 612972
      TGK Correctional Facility
      7000 N.W. 41st Street, K4-5
      Miami, FL 33166

      Lunar C. Alvey, Ass't Atty Gen'l
      Office of the Attorney General
      Department of Legal Affairs
      444 Brickell Avenue, Suite 650
      Miami, FL 33131

---

first on his own motion." Oregon v. Kennedy, 456 U.S. 667, 676 (1982). But this exception is a narrow one. In Kennedy, the court made clear that it is limited to cases in which the government actually intended to provoke a mistrial and thereby "subvert the protections afforded by the Double Jeopardy Clause." Id. Mere "overreaching" or "bad faith" does not implicate double jeopardy unless the prosecutor actually intended to provoke the defendant's motion. Id. at 674-75. Thus, if "the prosecutorial conduct culminating in the termination of the first trial ... was not so intended by the prosecutor, that is the end of the matter for purposes of the Double Jeopardy Clause." Id. at 679.

[7]The petitioner is advised that the amendments to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. §2244(d). The statute of limitations is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2). Thus, the petitioner is hereby cautioned to be aware of the time limitation for any subsequent habeas corpus petition filed in this Court pursuant to 28 U.S.C. §2254, challenging any convictions and/or sentences.